UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| LORRAINE MORIN, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | Civil Docket No.: 1:09-cv-258 |
| EASTERN MAINE MEDICAL CENTER, | ) | |
| Defendant | ) | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

GENERAL OBJECTIONS: Plaintiff objects to the definitions and instructions which precede Defendant's interrogatories propounded to Plaintiff to the extent that these definitions or instructions misstate the law and/or conflict with the requirements of F.R.Civ.P. 26 and 33. By responding to these interrogatories despite these objections, Plaintiff does not waive these general objections.

1. Please identify yourself fully, giving your full name, date of birth, date and place of your marriage, social security number, residence address, work address, telephone number, and occupation.

OBJECTION: Plaintiff objects on grounds of relevance and invasion of privacy to disclosing her social security number and her work address.

ANSWER: Without waiver of the foregoing objection, Lorraine Marie Morin; date of birth March 8, 1974. Married to Roger Morin on August 8, 2008 in Bar Harbor, Maine. I am a registered nurse.

2. Please state whether you have ever been known by another name, including an alias, and if so, state each such name and the inclusive dates during which you were known by that name.

ANSWER: Yes. I was known as Lorraine Langley from 1974 to 1995 and Lorraine Watson from 1995 to August 8, 2008.

3. Please describe, in detail, all symptoms, injuries, or illnesses of which you suffered, complained, or that you exhibited on July 1, 2007, prior to your presentation at the emergency department of EMMC. In your answer, please provide a detailed description of all such symptoms, injuries, or illnesses, when you first experienced, complained, suffered, or exhibited each, and the location and duration of all (sic) each such symptom, injury, or illness.

1

you do so contend, please set forth, in detail, the factual bases for you (sic) contention.

ANSWER: No.

8. Are you aware of any writings, statements or admissions made by EMMC and/or its employees or agents, which, in any way, relate to the occurrence which is the subject of your lawsuit. If so, please state the date, time, and place of said writing, statement, or admission, and identify the person(s) to whom said writing, statement, or admission was made describing in detail the substance of said writing, statement, or admission.

ANSWER: Yes, there are writings and statements made by EMMC and its employees or agents in my medical records. I also received a letter from EMMC.

To the extent that Dr. Pamela Gilmore and her staff are EMMC employees or agents, they made statements and admissions to me on July 2, 2007 and during a couple of follow up appointments. Dr. Gilmore and her certified nurse midwife, Lois Bergman, and her nurse whose name I do not recall were all shocked and horrified by the treatment I had received at Eastern Maine Medical Center. Dr. Gilmore was furious that EMMC had not called her or paged her when I had presented at the hospital on July 1, 2007. Both Dr. Gilmore and Ms. Bergman were adamant that I needed to get hold of someone at EMMC and tell them about this, because this type of treatment should not be happening.

9. Please describe, in detail, and as completely as possible, the substance, frequency and content of all conversations that you, your spouse, and any member of your family had with agents or employees of EMMC during your presentation at the emergency department on July 1, 2007, regarding the diagnosis, care and treatment of you. In your answer, please be sure to identify the agent or employee or EMMC with whom the conversation was held.

ANSWER: I called EMMC's emergency room at midnight, and asked them to page the person on call for Dr. Gilmore. I received a return phone call from a male doctor whose name I don't recall. I told that doctor that I was 16 weeks pregnant, having abdominal cramping, and that Dr. Gilmore had told me to go to the hospital if I had any problems due to my high risk pregnancy. I told him that the reason my pregnancy was high risk was that I had previously had cervical cancer, a previous miscarriage, and a previous comb biopsy. I told that doctor that the abdominal cramping had been going on for a couple of days and was getting worse. That doctor told me to just call Dr. Gilmore's office on Monday morning. I asked whether I

3

should come into the emergency room, and that doctor said that I could if I wanted to.

When I, with my then-fiance, Roger Morin, presented to patient registration at EMMC on July 1, 2007, I told the registration clerk that I was 16 weeks pregnant and that I was having abdominal cramping. I told her that Dr. Gilmore had told me to come in to the hospital if I had any problems due to my high risk pregnancy as a result of previous cervical cancer, a previous miscarriage, and a previous comb biopsy.

I gave that same information to the triage nurse who first assessed my condition. The triage nurse asked me about my pain level, and I said it was between four and ten on a scale of ten. I told the triage nurse that Dr. Gilmore had said that she wanted to be paged if there was anything at all wrong, due to my high risk pregnancy.

I told Dr. Reinstein the same information that I had given the patient registration clerk and the triage nurse, and told him that Dr. Gilmore had said to have her paged. After I was seen by the triage nurse, I had gone to the bathroom and noticed that I had started bleeding, and I told Dr. Reinstein that information as well. I gave the same information to Dr. Grover when he came in. Dr. Grover did an exam and told me that my baby was dead and that I should follow up with Dr. Gilmore on Monday.

I don't remember whether it was Dr. Reinstein or Dr. Grover, but I told one of them that I wanted to have the miscarriage taken care of today while I was at the hospital. I remember that Roger Morin was yelling at Dr. Reinstein because Dr. Reinstein said he was going to discharge me. Roger was very upset and was asking Dr. Reinstein what we were supposed to do. Roger said, "What do we do if she has the baby?" and Dr. Reinstein said, "Just dispose of it." Roger said, "You want me to throw my baby away?" Roger was yelling at Dr. Reinstein that "We're not leaving. We're not going anywhere until this gets taken care of." Dr. Reinstein said that "you have to leave or we'll call security." Dr. Reinstein left the room and said he was going to talk to Dr. Grover, but he never came back. A nurse, whose name I believe was Kim, came back with discharge instructions. Roger was still very upset and was yelling at Kim too, asking, "what are we supposed to do, why won't you take care of this?" Kim asked Roger to quiet down or she was going to call security. Kim read me my discharge

4

instructions, while I was crying and was still in significant pain. I
signed the discharge paperwork and got changed, and then a person
came in to draw my labs. After the lab person drew blood, Roger
and I left the hospital.

10.     Other than from your attorneys, have you received information from anyone that EMMC should have stabilized your condition by delivering the fetus and placenta, or was negligent or failed to exercise the requisite skill in attending, diagnosing, or treating you. If your answer is in the affirmative, please state the name, address, and qualifications of the person you received that information from, a description of the information you received, the date you received it, and a description of the facts on which the person who gave the information based it.

OBJECTION: Plaintiff objects on the grounds of the non-designated expert
witness privilege of F.R.Civ.P. 26(b)(4)(B).

ANSWER:     Without waiver of the foregoing objection, Dr. Gilmore, Lois
Bergman, and Dr. Gilmore's nurse have each told me that EMMC
should have kept me at the hospital until I delivered the baby. See
my answer to Interrogatory Number 8 above.

11.     Please identify (by name, address, and specialty) all physicians, doctors, psychiatrists, and other medical or mental health care practitioners seen by you within the preceding ten years. In your answer, please be sure to include the reason you saw each identified person.

OBJECTION: Plaintiff objects on grounds of relevance and the physician-patient
privilege.

12.     Please identify any and all experts you have in this action, stating the subject matter upon which you anticipate the expert is expected to testify, the substance of the facts to which the expert is expected to testify, the substance of the opinions to which the expert is expected to testify, a summary of the grounds for each opinion held by the expert, and whether the expert rendered an oral or written report and the date of such report.

ANSWER:     Expert witness information will be provided in accordance with the
Federal Rules of Civil Procedure and the scheduling order in this
case.

13.     Please identify any and all documents, including treatises, medical literature, and any other documents that which support your position in your Complaint, and for each such document, state its nature, what it purports to show, illustrate, report, or represent, the date it was made or taken, and the full name and current address and telephone number of the person making, taking, or reporting it and currently in control of it. Please identify any of these documents that you expect to use at panel or trial.

5

OBJECTION: Plaintiff objects on grounds that this interrogatory calls for both a medical conclusion and a legal conclusion and seeks the thought processes of Plaintiff's counsel, which is protected by the work product privilege.

ANSWER: Without waiver of the foregoing objection, any trial exhibits will be disclosed in accordance with the scheduling order in this case.

14. Please identify any and all people who have knowledge of the allegations contained in your Complaint, stating in complete detail, a summary of each person's knowledge, and, if you expect to call that person as a witness, provide a summary of which the witness is expected to testify, a summary of the grounds for each such opinion, and for each person identified, please state his or her current address and telephone number.

ANSWER: Please refer to my initial disclosures for the identities of people with knowledge. In addition, Lois Bergman, CNM, would also have knowledge.

15. Please identify by name and current address and telephone number each expert not identified in the answer to Interrogatory 10 who has been retained, specially employed, or consulted by you in anticipation of your litigation or in preparation for trial of your action who is not expected to be called as a witness.

OBJECTION: Plaintiff objects on the grounds of the non-designated expert witness privilege of F.R.Civ.P. 26(b)(4)(B).

16. Have you or has anyone on your behalf obtained from any person or persons any written, recorded, transcribed, or oral report, statement, memorandum, or testimony concerning your claims in this case, and if so, with respect to each claim, state the full name, current address and telephone number of each such person, where, when, by and from whom the report, statement, memorandum, or testimony was obtained, and the substance of each such report, statement, memorandum, or testimony.

OBJECTION: Plaintiff objects on the grounds of the work product privilege.

17. Please list all names of any person(s) assisting you in the preparation of these answers.

ANSWER: Julie D. Farr, Esq.

18. Please indicate each and every way the medical records in this case misrepresent or inadequately represent any communication between you and any agents or employees of EMMC, or any condition or symptom which you had or reported, providing the appropriate correction or supplementation in each case.

OBJECTION: Plaintiff objects on grounds that this interrogatory purports to require Plaintiff to search through as-yet-undefined medical records to identify misrepresentations or inadequate representations.

ANSWER: Without waiver of the foregoing objection, when I reported to the triage nurse that my pain ranged from four to ten on a scale of ten, she wrote down four. The triage notes and nurse's records are also missing a lot of stuff that happened.

19. Please describe in detail all items of damages you are claiming. In your answer, please be sure to include the value of each item to which you believe you are entitled.

ANSWER: Please refer to my initial disclosures.

20. Please identify all companies or persons with whom you have been employed for the last 10 years. In your answer, please be sure to include the date your employment commenced, your title; duties you performed in your position; any training you received; your starting rate of pay; any and all raises in pay and/or bonuses received; whether you were ever disciplined, suspended, and/or criticized by your employer, formally or informally, and the reason thereof; and the reason that your employment terminated.

OBJECTION: Plaintiff objects on grounds of relevance, undue burden, and protection from harassment. Plaintiff is not claiming lost wages in this case.

AS TO OBJECTIONS:

__4/10/09__
Date

__Julie D. Farr__
Julie D. Farr, Esq. BRN: 8161
GILBERT & GREIF, P.A.
82 Columbia Street
P.O. Box 2339
Bangor, ME 04402-2339
Attorney for Plaintiff

AS TO ANSWERS:

__09/10/09__
Date

__Lorraine Morin__

STATE OF MAINE  
PENOBSCOT, ss. September _10_, 2009

    Then personally appeared the above-named Lorraine Morin and swore that the foregoing statements were true to the best of her knowledge, information and belief.

Before me, _/s/ Deborah Bither_  
~~Attorney at Law~~/Notary Public

_____  
My Commission Expires

DEBORAH BITHER  
Notary Public - Maine  
My Commission Expires March 27, 2010

8