UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LORRAINE MORIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-09-258-B-W |
| | ) | |
| EASTERN MAINE MEDICAL CENTER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR LEAVE TO FILE**

The Court GRANTS Lorraine Morin's Motion for Leave to File a Two-Page Motion *in Limine* to Preclude Defendant's Expert, Dr. Gregory Gimbel, from Testifying that Plaintiff was "Stable" when she Left EMMC (Docket # 72). The reason the Court grants the motion is that whether Dr. Gimbel will be allowed to so testify is a looming issue in the upcoming trial and it seems wise to allow counsel to brief the question in advance of trial. Ms. Morin asks for permission to make the late filing because her attorney "was on vacation from August 27, 2010 to September 16, 2010 and was in a two-day jury trial on September 20 and 21, 2010." *Id.* at 1. The Court does not, however, grant the motion because of Mr. Greif's vacation and trial schedule.

On July 28, 2010, the Court issued an order on the Defendant's motion for summary judgment and on Defendant's motion *in limine*. *Order on Mot. for Summ. J. and Mot. to Exclude or Limit the Proposed Expert Test. of Pl.'s Expert Witness*

*Annette O'Brien* (Docket # 50). On July 29, 2010, the case was set for trial for the September term of court. *Trial List* (Docket # 51). On August 3, 2010, upon motion of the Plaintiff, the Court granted her request for protection from trial from September 7 through 21 and September 30, which effectively took the matter off the September list. *Pl.'s Mot. for Prot. From the Trial List Inclusive of the Date for Jury Selection* (Docket # 53); *Order* (Docket # 54). On August 3, 2010, the Court notified counsel that the case would be scheduled for the October trial list. *Order* (Docket # 54). Thus, Plaintiff's counsel has been aware since early August that this case would be tried in October.

The subject of the motion *in limine* – Dr. Gimbel's testimony and the potential conflict between legal and medical definitions – has been a part of this case since at least February 19, 2010 when EMMC filed its motion for summary judgment and in its motion, the Medical Center referred to Dr. Gimbel's opinions. Furthermore, the Court addressed this issue in its Order on the Medical Center's motion. So, the subject of the late-filed motion *in limine* cannot have been a surprise to Plaintiff's counsel.

Moreover, the Plaintiff herself filed a timely motion *in limine* on September 17, 2010, challenging whether Dr. Gimbel should be allowed to express his designated opinions. *Pl.'s Mot.* in Limine *to Limit Expert Test.* (Docket # 68). It appears what really happened was that in preparing the motion *in limine*, Plaintiff's counsel overlooked the companion question of whether Dr. Gimbel should be allowed to testify about Ms. Morin having been "stable" upon discharge and

therefore filed a new motion *in limine* to raise the issue, but this was not because Mr. Greif was on vacation and in trial in September.

But the Court is skeptical that the late filing had anything to do with Mr. Greif's vacation and trial schedule. The signing attorney for the September 17, 2010 Motion *In Limine* and the Motion for Leave was not Mr. Greif; it was Attorney Julie Farr. Moreover, as one of the busiest trial attorneys in the state of Maine, the Court suspects that Mr. Greif is always on a trial list in some court, about to try a case, or actually in trial. If being busy justified a failure to comply with court-imposed deadlines, the deadlines would be in name only. *Robinson v. Wright*, 460 F. Supp. 2d 178, 180-82 (D. Me. 2006). The Court rejects the main proffered excuse for the late-filed motion.

It grants the motion because EMMC took no position and therefore did not oppose the motion and because the Court has a better chance of making the correct ruling if it receives the considered guidance of counsel.

SO ORDERED.

                                                /s/ John A. Woodcock, Jr.
                                                JOHN A. WOODCOCK, JR.
                                                CHIEF UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2010