UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LORRAINE MORIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09-cv-00258-JAW |
| EASTERN MAINE MEDICAL CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO AMEND JUDGEMENT TO INCLUDE AWARD OF PREJUDGMENT INTEREST**

Following a jury verdict granting her compensatory and punitive damages in this Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, claim, Lorraine Morin moves for prejudgment interest pursuant to 14 M.R.S. § 1602-B. The Court grants Ms. Morin's motion only as to compensatory damages.

**I.   BACKGROUND**

   **A.   Procedural History**

On October 20, 2010, after a three day trial, the jury issued a verdict finding that Eastern Maine Medical Center (EMMC) had violated EMTALA and that its EMTALA violation had directly caused Lorraine Morin personal harm. *Verdict Form* (Docket # 118). The jury awarded Ms. Morin compensatory damages of $50,000 and punitive damages of $150,000. *Id.* On October 21, 2010, the Court reduced the verdict to Judgment. *J.* (Docket # 120).

On October 21, 2010, Ms. Morin moved for an Order granting equitable relief against EMMC. *Pl.'s Mot. for Equitable Relief Followed by Entry of Final J. Under Rule 54(b)* (Docket # 121) (*Pl.'s Mot. for Equitable Relief*). On November 16, 2010, EMMC renewed its motion for judgment as a matter of law and for new trial. *Def. E. Me. Med. Ctr.'s Renewed Mot for J. as a Matter of Law and Mot. for New Trial* (Docket # 127) (*Def.'s Mot. for New Trial*). The parties filed timely response and reply briefs to the respective motions. *Def. E. Me. Med. Ctr.'s Opp'n to Pl.'s Mot for Equitable Relief Followed by Entry of Final J. Under Rule 54(b)* (Docket # 126); *Pl.'s Reply Mem. in Support of her Mot. for Equitable Relief* (Docket # 128); *Pl.'s Mem. in Opp'n. to Def.'s Renewed Mot for J. as a Matter of Law and Mot. for New Trial* (Docket # 133); *Def. E. Me. Med. Ctr.'s Reply Mem. in Further Support of its Renewed Mot. for J. as a Matter of Law and Mot. for a New Trial* (Docket # 134).

On March 25, 2011, the Court issued an order denying Ms. Morin's motion for equitable relief and denying EMMC's motions for judgment as a matter of law and for new trial. *Order on Mot. for Order Granting Equitable Relief and on Renewed Mot. for J. as a Matter of Law* (Docket # 138) (*Order*). On March 28, 2011, the Court entered an amended judgment reflecting its denial of Ms. Morin's motion for equitable relief. *Am. J.* (Docket # 139).

On March 31, 2011, Ms. Morin moved to amend the Court's March 28, 2011 judgment to include an award of prejudgment interest. *Pl.'s Mot to Am. J. to Include Award of Pre-judgment Interest* (Docket # 140) (*Pl.'s Mot.*). On April 12, 2011, EMMC responded. *Def. E. Me. Med. Ctr.'s Opp'n. to Pl.'s Mot. to Am. J. to*

*Include Award of Prejudgment Interest* (Docket # 142) (*Def.'s Opp'n.*). On April 19, 2011, Ms. Morin replied to EMMC's response. *Pl.'s Reply Mem. in Support of her Mot. to Am. J. to Include Award of Pre-judgment Interest* (Docket # 143) (*Pl.'s Reply*).

### B. The Parties' Positions

Ms. Morin observes that EMTALA makes available to prevailing plaintiffs "those damages available for personal injury under the law of the State in which the hospital is located." *Pl.'s Mot.* at 1 (quoting 42 U.S.C. § 1395dd(d)(2)(A)). As such, she contends that Maine's prejudgment interest statute, 14 M.R.S. § 1602-B, applies to her damage award and that interest should accrue from the date she filed the Complaint to the date of the Judgment. *Id.*

EMMC acknowledges that Maine awards prejudgment interest as a matter of right to litigants who have properly reserved that right. *Id.* at 1. However, it contends that Ms. Morin is not entitled to prejudgment interest because her motion is not timely. *Def.'s Opp'n.* at 1-4. It notes that Ms. Morin brought her motion pursuant to Rule 59(e) and asserts that such motions must be filed within twenty-eight days of judgment. *Id.* at 1 (citing FED. R. CIV. P. 59(e)). More specifically, it contends that a Rule 59(e) motion must be filed within twenty-eight days of the judgment it seeks to amend. *Id.* at 2-3. EMMC asserts that Ms. Morin's motion seeks to amend the Court's October 21, 2010 judgment rather than its March 28, 2011 judgment. *Id.* It notes that Ms. Morin's motion deals only with her damage award, which was the subject of the October 21 judgment and unaltered by the

3

March 28 judgment. *Id.* Because her motion was filed on March 31, 2011, EMMC argues that it was filed more than twenty-eight days after the October 21, 2010 judgment it seeks to alter and is thus untimely. *Id.*

EMMC argues that if any prejudgment interest is assessed, it should not be assessed on the jury's punitive damage award. *Id.* at 4-5. It cites caselaw for the proposition that prejudgment interest cannot be assessed on punitive damages because prejudgment interest is itself a form of compensatory damages. *Id.* Notably, it points out that the Court declined to assess prejudgment interest on punitive damages. *Id.* (citing *Harding v. Cianbro Corp.*, 473 F. Supp. 2d 89, 100, 100 n.16 (D. Me. 2007)). It contends that "interest on punitive damages does not make the Plaintiff whole; it only serves to further pile on EMMC." *Id.* at 5.

Ms. Morin replies that her motion was timely. She contends that the twenty-eight day period contemplated by Rule 59(e) runs from the entry of a final judgment, as opposed to an interim judgment. *Pl.'s Reply* at 2. She asserts that the Court's October 21, 2010 judgment was an interim judgment because it did not resolve her request for equitable relief. *Id.* at 3. Instead, she submits that there was no final judgment until March 28, 2011, when the Court resolved her request for equitable relief. *Id.* at 4. She notes that her motion was filed well within twenty-eight days of that date.

She further argues that prejudgment interest should be assessed on her punitive damage award. *Id.* at 4. She observes that the case relied upon by EMMC for the proposition that the Court has declined to assess prejudgment interest on

4

punitive damages did not deal with Maine's prejudgment interest statute. *Id.* She cites two cases in which she says the Maine Law Court upheld trial courts' assessments of prejudgment interest on punitive damage awards. *Id.* at 5.

## II. DISCUSSION

### A. Timeliness

Ms. Morin's motion for prejudgment interest is timely. Ms. Morin brought her motion for prejudgment interest pursuant to Rule 59(e), the proper vehicle for such a motion. *See* FED. R. CIV. P. 59(e); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989) (holding "that a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply"); *Crowe v. Bolduc*, 365 F.3d 86, 90-93 (1st Cir. 2004) (extending *Osterneck*'s holding to post-judgment motions for mandatory prejudgment interest). A rule 59(e) motion must be filed no later than twenty-eight days after the entry of the judgment. The parties dispute the meaning of "judgment" for the purpose of triggering the twenty-eight day period.

Rule 54(a) defines "judgment" for purposes of the Federal Rules of Civil Procedure, and courts have applied that definition to Rule 59(e). *See* FED. R. CIV. P. 54(a). 12 Martin H. Redish, MOORE'S FEDERAL PRACTICE § 59.31[5] (3d ed. 2011); *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) ("A judgment is defined by Rule 54 of the Federal Rules of Civil Procedure as 'any order from which an appeal lies,' in other words, a *final* order"). Rule 54(a) defines "judgment" as "a

5

decree and any order from which an appeal lies." Consistent with this definition, the First Circuit held that Rule 59(e)'s twenty-eight day time limit does not run until a court has issued an appealable judgment. *Nieves-Luciano v. Hernandez-Torres*, 397 F.3d 1, 4 (1st Cir. 2005) ("Rule 59(e) does not apply to motions for reconsideration of interlocutory orders from which no immediate appeal may be taken"); *Roque-Rodriguez v. Lema Moya*, 926 F.2d 103, 106-07 (1st Cir. 1991) (holding that "[t]he march of time began" for the period in which to file a Rule 59(e) motion on the date the court entered an order that was "immediately appealable").

With limited exceptions not applicable here,[1] appellate review is available only for "final decisions." 28 U.S.C. § 1291; *Commercial Union Ins. Co. v. Seven Provinces Ins. Co.*, 217 F.3d 33, 36-37 (1st Cir. 2000). Pursuant to 28 U.S.C. § 1291, "a party cannot initiate an appeal until a final decision has been rendered—that is, one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Commercial Union*, 217 F.3d at 37 (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988)) (internal quotation marks omitted). The First Circuit held that a decision is not final for purposes of § 1291 when it decides liability but leaves certain prayers for relief unresolved.[2] *Alman v. Taunton Sportswear Mfg. Corp.*, 857 F.2d 840, 844 (1st Cir. 1988). *See also Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) ("judgments . . . where assessment of

---

[1] The exceptions relate to decisions "made appealable by statute on an interlocutory basis." 10 Fern M. Smith, MOORE'S FEDERAL PRACTICE § 54.02[2] (3d ed. 2011).
[2] This lack of finality does not apply when the only relief to be resolved is the award of attorney fees. *Budinich*, 486 U.S. at 196.

damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291").

Ms. Morin carefully reserved her prayer for equitable relief. Her Complaint sought "relief as may be just and equitable in the premises." *Compl.* ¶ 9 (Docket # 1). Her Final Pretrial Memorandum stated more specifically that she would "be seeking a court order directing the Defendant to change its policies for women facing contractions whose discharge poses a threat of harm to themselves or their unborn children." *Pl.'s Final Pretrial Mem.* at 3 (Docket # 57). Moreover, during the charging conference, her counsel reiterated on the record her intention to seek equitable relief. *Trial Tr. III* 445:6-8 (Docket # 125). Following through on that intention, Ms. Morin filed a motion for equitable relief on October 21, 2010, the same day the initial judgment was entered. *Pl.'s Mot. for Equitable Relief*; *J.* The Court ruled on that motion on March 25, 2011, *Order*, and entered judgment on that order on March 28, 2011, *Am. J.* According to First Circuit precedent, final judgment could not have issued before that time because the Court had not yet resolved Ms. Morin's prayer for equitable relief. Ms. Morin filed her motion for prejudgment interest on March 31, 2011, three days after the Court's order and well within the twenty-eight day period contemplated by Rule 59(e).

## B.   Interest on Punitive Damages

The Court is aware of no express authority that holds that prejudgment interest applies to punitive damages. Contrary to Ms. Morin's assertions, the cases she cites are not examples of courts assessing interest on punitive damages. In

*Fitzgerald v. Gamester*, 1999 ME 92, 732 A.2d 273, the Maine Law Court considered whether it should assess the interest even though the plaintiff's total damage award exceeded the Maine District Court's jurisdictional limit.  There, the plaintiff was awarded punitive damages of $15,000 against one defendant, $25,000 against another, and compensatory damages of $3,500 against the defendants jointly and severally, for a total damage award of $43,500.  *Fitzgerald*, 1999 ME 92, ¶ 3, 732 A.2d 273, 275.  A Maine statute established a jurisdictional limit of $30,000 on damage awards in Maine District Court and separate statutes provided for different interest rate calculations for damage awards that exceeded that limit and those that did not.  *Id.* ¶ 12, 732 A.2d at 276-77 (citing 14 M.R.S. § 1602(1); 14 M.R.S. § 1602-A; 4 M.R.S. § 152)).  The Law Court concluded that it should combine the compensatory and punitive damages awarded against both defendants to determine whether the $30,000 limit had been reached.  As such, the plaintiff's aggregate $43,000 award exceeded the limit.  *Id.* ¶ 14, 732 A.2d at 277.  The Law Court said nothing about whether interest should be assessed on the punitive damages, only that the interest rate—for whichever award on which it was assessed—would be the rate provided for damage awards that exceed the jurisdictional limit.  *Id.*

Similarly, the Law Court in *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148 (Me. 1978), addressed a jury verdict for both compensatory and punitive damages and the impact of a newly revised Maine prejudgment interest statute, which forfeited interest whenever the prevailing party obtained a continuance for more than thirty days.  *Id.* at 156-57 (citing 14 M.R.S. § 1602 (Supp. 1978-79), as modified

8

by P.L. 1977, ch. 147 (eff. Oct. 24, 1977)).  In *Vicnire*, the plaintiff had obtained a continuance in excess of thirty days and the *Vicnire* Court merely upheld the trial court's decision to apply the newly-enacted version of section 1602 to the case. *Id.* at 156-57.  The *Vicnire* Court never addressed whether prejudgment interest was applicable to the punitive damages portion of the judgment.  *Id.*  In neither *Fitzgerald* nor *Vicnire* did the Maine Supreme Judicial Court approve an award of prejudgment interest on a punitive damages award.

By contrast, there is a long line of Maine caselaw, which establishes that prejudgment interest "is designed to compensate an injured party for the inability to use money rightfully belonging to that party between the date suit is filed and the date judgment is entered." *Osgood v. Osgood*, 1997 ME 192, ¶ 10, 698 A.2d 1071, 1073-4 (citing *Masters Machine Co. v. Brookfield Athletic Shoe Co.*, 663 F. Supp. 439, 443 (D. Me. 1987); *Inhabitants of Town of Norridgewock v. Inhabitants of Town of Hebron*, 128 A.2d 215, 217 (1957)).  From that principle, the Law Court has reasoned that prejudgment interest is an element of compensatory damages, *Trask v. Auto. Ins. Co.*, 1999 ME 94, ¶ 8, 736 A.2d 237, 239, and that it "falls within th[e] definition" of compensatory damages, *Moholland v. Empire Fire & Marine Ins. Co.*, 2000 ME 26, ¶ 6, 746 A.2d 362, 364.  The Court has previously cited that authority in concluding that prejudgment interest is not available on punitive damages under 14 M.R.S. § 1602-B.  *Rooney v. Sprague Energy Corp.*, No. CV-06-20-B-W, 2008 WL 2568157, at *15 (D. Me. June 24, 2008); *Harding v. Cianbro Corp.*, 473 F. Supp. 2d 89, 100 n.16 (D. Me. 2007).  Moreover, this is consistent with the general rule and

9

sound policy regarding prejudgment interest. *See Bennett v. City of Holyoke*, 362 F.3d 1, 11, 11 n.4 (1st Cir. 2004) (explaining that the rule against awarding prejudgment interest on punitive damage is "based on sound policy" because the purpose of prejudgment interest is not to penalize the wrongdoer or make the damaged party more than whole); *Right to Prejudgment Interest on Punitive or Multiple Damages Awards*, 9 A.L.R.5th 63 (1993) (noting that the majority of courts deny prejudgment interest on punitive damages).

### III.   CONCLUSION

The Court GRANTS in part and DENIES in part Ms. Morin's Motion to Amend the Judgment (Docket # 140). The Court grants her motion to the extent she seeks prejudgment interest on her compensatory damage award. The Court denies her motion to the extent she seeks prejudgment interest on her punitive damage award.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2011